UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

USACM LIQUIDATING TRUST and
USA CAPITAL DIVERSIFIED TRUST
DEED FUND, LLC,

        Plaintiffs,

v.

DELOITTE & TOUCHE, LLP and
VICTORIA LOOB,

        Defendants.

2:08-CV-00461-PMP-PAL

ORDER

        Presently before the Court is Defendant Deloitte & Touche, LLP's Motion to Dismiss Complaint (Doc. #22), filed on June 13, 2008. Plaintiffs filed an Opposition (Doc. #35) on August 15, 2008. Defendant filed a Reply (Doc. #36) on September 12, 2008. This Court held a hearing on this matter on October 23, 2008. (Mins. of Proceedings [Doc. #44].)

        Plaintiff USACM Liquidating Trust ("USACM Trust") is the successor-in-interest to USA Commercial Mortgage Company ("USACM") and USA Capital Diversified Trust Deed Fund, LLC ("DTDF"). (Compl. [Doc. #1] at 5.) USACM was in the business of originating and servicing loans. (Id.) Thomas A. Hantges ("Hantges") was USACM's Chairman and CEO, Joseph D. Milanowski ("Milanowski") was President and Treasurer, and Victoria Loob ("Loob") was Secretary. (Id. at 17.) According to the Complaint, Hantges and Milanowski ("Culpable Insiders") developed a scheme to misappropriate USACM's service fees and funds in trust accounts for their own purposes. (Id. at 23.) For example, they used USACM funds to fund ventures from which the Culpable Insiders

1  stood to profit, paid off obligations of a Culpable Insider-owned company, and paid
2  themselves large salaries and retirement benefits.  (Id. at 27-31.)  The scheme eventually
3  collapsed when new investment failed to cover shortfalls.  (Id. at 25.)  USACM and DTDF
4  filed for bankruptcy on April 13, 2006.  (Id. at 6.)

5        Plaintiff filed this suit on April 11, 2008, against Defendant Deloitte & Touche,
6  LLP ("Deloitte"), USACM's auditor, asserting claims for aiding and abetting a breach of
7  fiduciary duty (count one), professional malpractice (count two), and breach of contract
8  (count three).  (Id. at 31.)  Deloitte performed year-end audits for USACM for years 1998
9  through 2001, completing the last audit for year-end 2001 on November 26, 2002.  (Id. at
10 41, 65.)  For each year Deloitte worked as USACM's auditor, it issued unqualified audit
11 opinions and certified that USACM's financial statements were fairly stated.  (Id. at 31.)
12 After completing the 2001 year-end audit, Deloitte withdrew as USACM's auditor in
13 January 2003 without disclosing numerous issues Deloitte had uncovered during its prior
14 audits.  (Id.)  The Complaint lists examples of Deloitte's alleged failures.  (Id. at 32-65.)

15       Defendant Deloitte now moves to dismiss the Complaint, arguing the Culpable
16 Insiders' knowledge and fraud is imputed to Plaintiff because Plaintiff is the successor-in-
17 interest to USACM, and the Culpable Insiders were USACM's owners and officers.  Based
18 on this imputation, Deloitte further argues Plaintiff's claims are barred by the doctrine of in
19 pari delicto because USACM was at greater fault than Deloitte, and therefore its successors
20 cannot bring a claim against Deloitte for USACM's own fraud.  Deloitte also argues that
21 because all of Plaintiff's claims essentially are for accounting malpractice, and the last audit
22 was issued in November 2002, Plaintiff's claims are untimely under the relevant statute of
23 limitations.

24       Plaintiff responds that imputing the Culpable Insiders' knowledge and conduct
25 to Plaintiff at the dismissal stage is inappropriate because the Complaint alleges the
26 Culpable Insiders acted adversely to USACM's interests and the Complaint alleges innocent

1  decision makers existed who could and would have stopped the fraud had they known about
2  it.  Additionally, Plaintiff alleges its claims are not untimely because Deloitte concealed its
3  deficient audits and the Culpable Insiders' knowledge should not be imputed to Plaintiff
4  regarding when it discovered Deloitte's deficient performance.
5          In considering a motion to dismiss, "all well-pleaded allegations of material fact
6  are taken as true and construed in a light most favorable to the non-moving party."  Wyler
7  Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation
8  omitted).  However, the Court does not necessarily assume the truth of legal conclusions
9  merely because they are cast in the form of factual allegations in the plaintiff's complaint.
10  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a
11  strong presumption against dismissing an action for failure to state a claim.  See Gilligan v.
12  Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The issue is not
13  whether the plaintiff ultimately will prevail, but whether it may offer evidence in support of
14  its claims.  See id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  A plaintiff must
15  make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atl.
16  Corp. v Twombly, 127 S. Ct. 1955, 1965 (2007).  Such allegations must amount to "more
17  than labels and conclusions, and a formulaic recitation of the elements of a cause of action."
18  Id. at 1964-65.
19          Under Nevada law, the knowledge of an officer or agent is imputed to the
20  corporation when the agent obtains the knowledge "while acting in the course of his
21  employment and within the scope of his authority."  Strohecker v. Mut. Bldg. & Loan Ass'n
22  of Las Vegas, 34 P.2d 1076, 1077 (Nev. 1934) (quotation omitted); see also Bates v.
23  Cottonwood Cove Corp., 441 P.2d 622, 624 (Nev. 1968).  An officer or director's
24  knowledge will not be imputed to the corporation when the agent is acting on his own
25  behalf and not on behalf of the corporation.  Keyworth v. Nev. Packard Mines Co., 186 P.
26  1110, 1113 (Nev. 1920); see also In re Agribiotech, Inc., 2005 WL 4122738, at *9 (D. Nev.

1    2005) (unpublished).  Looting the corporation is the "classic example" of an agent acting
2    adversely to the corporation.  Baena v. KPMG LLP, 453 F.3d 1, 8 (1st Cir. 2006).  Some
3    courts also do not impute the fraud of a corporation's agent to the corporation if other
4    innocent decision makers within the company existed.  This "innocent decision-maker" rule
5    requires allegations that at least one decision-maker in management or among its
6    stockholders was innocent of the fraud who, had he or she known about it, could and would
7    have stopped it.  See In re CBI Holding Co., Inc., 247 B.R. 341, 364-65 (Bankr. S.D.N.Y.
8    2000); Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld, L.L.P., 212 B.R. 34, 36
9    (S.D.N.Y. 1997).
10            Here, the Complaint alleges the Culpable Insiders acted adversely to USACM,
11   including allegations the Culpable Insiders looted the company.  (See, e.g., Compl. ¶¶ 17,
12   35, 56-58, 60, 70, 72, 75-79, 81-82, 86, 206-07.)  Additionally, the Complaint alleges
13   innocent decision makers, such as "USACM's other directors, officers, employees, [and]
14   shareholders," existed who could and would have stopped the fraud if they had known
15   about it.  (See, e.g., id. ¶¶ 10, 15, 95, 224, 241-42.)  Although the Complaint does not
16   identify the alleged innocent directors, officers, employees, or shareholders by name,
17   Plaintiff is not required to plead with that level of specificity under Federal Rule of Civil
18   Procedure 8(a) in anticipation of affirmative defenses.  Defendant may obtain such details
19   through discovery.
20            The Court therefore will not impute the knowledge of the Culpable Insiders or
21   Loob to Plaintiff at this stage of the proceedings.  Because Defendant's arguments
22   regarding in pari delicto and the date on which the statute of limitations began to run
23   depend on imputing knowledge and/or conduct of the Culpable Insiders and Loob to
24   Plaintiff, the Court will deny Defendant's motion to dismiss, without prejudice for these
25   issues to be raised on summary judgment.
26   ///

1    IT IS THEREFORE ORDERED that Defendant Deloitte & Touche, LLP's
2 Motion to Dismiss Complaint (Doc. #22) is hereby DENIED.
3    IT IS FURTHER ORDERED that Defendant Deloitte & Touche, LLP shall file
4 an answer within twenty (20) days from the date of this Order.

6 DATED: October 24, 2008

_____
PHILIP M. PRO
United States District Judge